IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FITZ B. WILSON AND CAPEARL M. WILSON,

    Plaintiffs,                                            CIVIL ACTION

vs.                                                                 CASE NO: _____

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION:

      Defendant, LEXINGTON INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441 and 1446, gives notice of removal of the above-captioned action, Case Number 2020-CA-002323-OC, pending in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, and hereby removes this action to the United States District Court for the Middle District of Florida – Orlando Division. In support of this Notice of Removal, Defendant states as follows:

      1.     On or about October 20, 2020, Plaintiffs, FITZ B. WILSON AND CAPEARL M. WILSON (hereinafter "Plaintiffs"), filed a Summons and Complaint styled as *FITZ B. WILSON AND CAPEARL M. WILSON v. LEXINGTON INSURANCE COMPANY*, in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, Case Number 2020-CA-002323-OC. *See* Complaint, attached hereto as **Exhibit 1**.

      2.     LEXINGTON INSURANCE COMPANY, the sole defendant named in the Complaint, was served with the Complaint on or about October 23, 2020. *See* Notice of Service

of Process, attached hereto as **Exhibit 2**.

3. The United States District Court for the Middle District of Florida is the Court embracing the place wherein such action is pending in state court.

4. This removal has been timely filed within one year after commencement of the action and within thirty 30 days after Defendant received service of Plaintiffs' Summons and Complaint.

5. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

6. Pursuant to 28 U.S.C. § 1446 (a), a copy of the docket and all pleadings filed in the record of the State Court action are attached hereto as **Composite Exhibit 3**.

7. For the purposes of diversity of citizenship under 28 U.S.C. § 1332(c)(2), Plaintiffs are citizens of the State of Florida, domiciled in Osceola County, Florida. *See* condensed and redacted LexisNexis SmartLinx Comprehensive Person Reports for Plaintiffs, showing that they have both lived at 220 Abbotsbury Drive, Kissimmee, FL 34758 since 2004, attached hereto as **Composite Exhibit 4**.

8. Defendant is a Delaware corporation, maintains its principal place of business in Massachusetts and, thus, is not a citizen of Florida. *See* Delaware Division of Corporations Entity Details and AIG Legal Notice Webpage attached hereto as **Composite Exhibit 5**.

9. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Plaintiffs allege that Defendant issued insurance Policy Number 33261102 (the "Policy") to the Plaintiffs to insure certain real property located at 220 Abbotsbury Drive,

Kissimmee, FL 34758 (the "Property"). *(Plaintiffs' Complaint at ¶ 8, 9)*.

11. Plaintiffs allege that "Defendant has breached the contract of insurance by failing to pay the Plaintiffs' damages sustained as a result of the loss." *(Plaintiffs' Complaint at ¶ 20)*.

12. Beyond the allegations in Plaintiffs' Complaint, Defendant further bases its belief that the amount in controversy exceeds $75,000.00 based on an estimate dated May 4, 2018, submitted by Plaintiffs to Defendant prior to the instant action, and prepared by Loss Consultants & Appraisers, in the amount of $108,866.91. A copy of the Estimate is attached hereto as **Exhibit 6**.

13. Indeed, given that Plaintiffs seek recovery for extensive damage to their insured Property, and in addition seeks reimbursement of attorney's fees pursuant to Florida Statutes § 627.428 *(Plaintiffs' Complaint at ¶ 23, 24)*, it appears a reasonable probability that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Kotchman v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 153918 (M.D. Fla. 2015) (district courts are permitted to make "reasonable deductions" and "reasonable inferences" in determining whether the case meets federal jurisdictional requirements).

14. The facts related to the federal court's jurisdiction over this matter were true at the time Plaintiffs filed their Complaint, and are true presently.

15. Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

16. By filing this Notice of Removal, Defendant does not waive, and hereby reserves all defenses and objections to the Plaintiffs' Summons and Complaint including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of

service of process.

**WHEREFORE**, the Defendant, LEXINGTON INSURANCE COMPANY, respectfully requests that the above-referenced action pending in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, Case Number 2020-CA-002323-OC, be removed from that court to the United States District Court for the Middle District of Florida – Orlando Division. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

Dated this 20th day of November, 2020.

CLAUSEN MILLER P.C.

By: */s/ Scott J. Dornstein*
Scott J. Dornstein, Esq.
Florida Bar No. 757411
4830 West Kennedy Blvd., #600
Tampa, Florida 33609
Phone: 312-606-7782
sdornstein@clausen.com
chamilton@clausen.com
tweede@clausen.com
Counsel for Defendant

*[The remainder of this page was intentionally left blank.]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 20th day of November, 2020, I electronically filed the foregoing document with the Clerk of Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

    Lazaro De La Noval, Esquire
    Daniel Grande, Esquire
    Arisnelvys Gonzalez, Esquire
    Williams Hilal Wigand Grande, PLLC
    8603 S. Dixie Highway, Suite 205
    Pinecrest, FL 33156
    eservice@whwglaw.com

                                            CLAUSEN MILLER, P.C.

                                            */s/ Scott Dornstein*
                                            SCOTT J. DORNSTEIN, ESQ.
                                            FBN: 757411